expired.[6] Despite the majority's creative re-interpretation of the facts, the record shows deliberate steps taken by appellants to keep from Reverend Konz the vital substance which he *needed and wanted* to save his life. The jury, having been carefully instructed as to the elements of involuntary manslaughter, properly could have found on this record that appellants' actions were reckless or grossly negligent and that they directly caused Reverend Konz' death. No more is required to sustain a conviction under Section 2504.[7]

I would affirm the order of the Superior Court, reinstating the jury's verdict.

LARSEN, J., joins in this dissenting opinion.

450 A.2d 646

**In re Janice F. STOUGHTON**

v.

**George D. KINZEY, et al.**

**No. 149 W.D. Allocatur Docket, 1982.**

Supreme Court of Pennsylvania.

Sept. 27, 1982.

## ORDER

PER CURIAM.

Petition for Review is denied. Upon return of the record, the Court of Common Pleas of Westmoreland County is to

6. The jury's verdict shows that we are not presented here with a case concerning the right to die or euthanasia or "mercy-killing," in which appellants simply acquiesced in Reverend Konz' decision to die. Nor is this a situation in which appellants merely failed to seek medical assistance for the deceased. The jury faced these issues squarely and resolved them against appellants.

7. Indeed, in less charitable hands the charge might have risen higher than involuntary manslaughter.

consider all issues raised in post-trial motions not previously considered.

450 A.2d 970
**COMMONWEALTH of Pennsylvania**
v.
**Donald MASSEY, a/k/a Donald Reinberry, Appellant.**
Supreme Court of Pennsylvania.
Submitted May 17, 1982.
Decided Oct. 4, 1982.

Robert N. Tarman, Public Defender, for appellant.

William A. Behe, Deputy Dist. Atty., for appellee.

ORDER

PER CURIAM.
Order Affirmed.

450 A.2d 970
**COMMONWEALTH of Pennsylvania, Appellee,**
v.
**Keith Mason KNIGHT, Appellant.**
Supreme Court of Pennsylvania.
Submitted May 17, 1982.
Decided Oct. 4, 1982.